■ In the Matter of SANDRA JOCHNOWITZ et al., Appellants, v. ALVIN D. MACK et al., Respondents.— In a proceeding to invalidate petitions designating respondents Alvin D. Mack and Rose Halperin as candidates in the Democratic Party Primary Election to be held on June 20, 1972 for the party position of Assembly District Leader (male and female, respectively) of the 29th Assembly District, Part B, the appeal is from a judgment of the Supreme Court, Queens County, entered June 9, 1972, which, *inter alia,* denied the application. Judgment reversed, on the law, and proceeding remanded to the Special Term for a full hearing and a new determination. The questions of fact have not been considered on this appeal. In our opinion, it is unnecessary to decide the issue of fraud because the petitioners were not given an opportunity for a full hearing. In order that the issue may be decided, a full hearing is necessary to determine the facts. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.

■ In the Matter of JOHN LINAKIS, Respondent, v. WILLIAM F. LARKIN et al., Constituting the Board of Elections of the City of New York, Respondents, and EDWARD H. KAUFF, Appellant.— In a proceeding to invalidate petitions designating appellant as a candidate in the Democratic Party Primary Election to be held on June 20, 1972 for party position of Assembly District Leader (male) of the 27th Assembly District, Part B, the appeal is from a judgment of the Supreme Court, Queens County, entered June 9, 1972, which, *inter alia,* granted the application. Judgment reversed, on the law and the facts, without costs; petition dismissed; stay contained in order to show cause dated May 26, 1972 vacated; and respondent Board of Elections is hereby directed to include appellant Edward H. Kauff's name as a candidate for said party position. In our opinion, the errors made with respect to appellant's transfer of enrollment form affidavit were purely ministerial in nature and should not serve to invalidate the designating petition. The blanks in the body of the affidavit were filled in by a Board of Elections clerk; and appellant was asked only to print his name at the beginning of the form and to sign the form upon its completion by the clerk. The omitted date of appellant's change of residence from his former to his present address is not a material omission, as the applicable provision of subdivision 8 of section 187 of the Election Law contains no requirement that such information be supplied. In addition, the clerk's failure to sign the form affidavit does not materially affect its validity in view of the fact that the date and other required information were properly filled in at the time the affidavit was executed. The evidence supplied at the hearing clearly establishes that appellant desired to have his enrollment transferred and we deem the form affidavit, as executed, sufficient compliance with the applicable provisions of section 187 of the Election Law under the circumstances of this case. We have considered petitioner's other contentions and find them to be without merit (*Matter of Wallace* v. *Power,* 10 N Y 2d 790; Election Law, § 15, subd. 3). Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.